UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

------------------------------------------------

| | | |
|---|---|---|
| IN RE: DePUY ORTHOPAEDICS, INC. | ) | MDL No. 1:10 md 2197 |
| ASR HIP IMPLANT PRODUCTS | ) | |
| LIABILITY LITIGATION | ) | |
| | ) | **SHORT FORM COMPLAINT** |
| | ) | **FOR** |
| | ) | **DePUY ORTHOPAEDICS, INC.** |
| | ) | **ASR HIP IMPLANT PRODUCTS** |
| | ) | **LIABILITY LITIGATION** |

------------------------------------------------

This applies to:

Larry Clabin and Theresa Clabin v.        **JURY TRIAL DEMAND**
DePuy Orthopaedics, Inc. *et al.*

------------------------------------------------


Plaintiffs,

-against-

DePUY ORTHOPAEDICS, INC., DePUY
INC., DEPUY INTERNATIONAL LIMITED,
JOHNSON & JOHNSON, JOHNSON &
JOHNSON SERVICES, INC.
JOHNSON & JOHNSON INTERNATIONAL,

Defendants

------------------------------------------------

**ABBREVIATED SHORT FORM COMPLAINT FOR DePUY ORTHOPAEDICS,
INC. ASR HIP IMPLANT PRODUCTS LIABILITY LITIGATION**

1.      Plaintiffs, Larry Clabin and Theresa Clabin, state and brings this civil action before the Court for the United States District Court for the Northern District of Ohio as a related action in the matter entitled <u>IN RE: DePUY ORTHOPAEDICS, INC. ASR HIP IMPLANT PRODUCTS LIABILITY LITIGATION</u>, MDL No. 2197. Plaintiffs are filing this short form complaint as permitted by Case Management Order No.4 of this Court.

## ALLEGATIONS AS TO VENUE

2.      Venue of this case is appropriate in the United States District Court for the Southern District of Ohio. Plaintiffs state that but for the Order permitting direct filing into the Northern District of Ohio pursuant to Case Management Order No 4, Plaintiffs would have filed in the United States District Court for the Southern District of Ohio. Therefore, Plaintiffs respectfully request that at the time of transfer of this action back to the trial court for further proceedings that this case be transferred to the above referenced District Court.

3.      Plaintiff Larry Clabin is a resident and citizen of Ohio and claims damages as set forth below. Plaintiff's Spouse Theresa Clabin, is a resident and citizen of Ohio, and claims damages as a result of loss of consortium.

4.      Plaintiff Larry Clabin was born on November 13, 1972.

5.      Plaintiffs claim damages as a result of:

      x     injury to himself/herself

            injury to the person represented

            wrongful death

            survivorship action

      x     economic loss

_____x_____ loss of services

_____x_____ loss of consortium

## ALLEGATIONS AS TO INJURIES

6.      Plaintiff Larry Clabin was implanted with a DePuy ASR hip implant on his left hip on or about October 25, 2007 at the Ohio Health Grant Medical Center, in Columbus, Ohio, by Dr. Robert A. Fada.

7.      Plaintiff Larry Clabin has suffered the following personal and economic injuries as a result of the implantation with the ASR hip implant: swelling, inflammation, hip pain, and problems sitting and standing.

8.      Plaintiff Larry Clabin has not yet scheduled an explantation of the ASR hip implant.

9.      Plaintiffs have suffered injuries as a result of implantation of the DePuy ASR hip implant manufactured by defendants as shall be fully set forth in Plaintiffs' Fact Sheet and other responsive documents provided to the defendants and incorporated by reference herein.

10.     At the time of implantation with the ASR hip implant, the Plaintiffs resided at 5130 Weddington Drive, Trotwood, Ohio 45426.

11.     The defendants by their actions or inactions, proximately caused Plaintiffs' injuries.

12.     Plaintiff Larry Clabin could not have known that the injuries he suffered were as a result of a defect in the ASR hip implant until after the date the device was recalled from the market and Plaintiff Larry Clabin came to learn of the recall.

3

13.    As a result of the injuries Plaintiffs sustained, they are entitled to recover compensatory damages for pain and suffering and emotional distress and for economic loss as well as punitive damages.

## ALLEGATIONS AS TO DEFENDANTS
## SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY

14.    The following claims and allegations are asserted by Plaintiffs and are herein adopted by reference:

- x    FIRST CAUSE OF ACTION
       (NEGLIGENCE);

- ___  SECOND CAUSE OF ACTION
       (NEGLIGENCE PER SE);

- x    THIRD CAUSE OF ACTION
       (STRICT PRODUCTS LIABILITY-DEFECTIVE DESIGN);

- x    FOURTH CAUSE OF ACTION
       (STRICT PRODUCTS LIABILITY-MANUFACTURING DEFECT);

- x    FIFTH CAUSE OF ACTION
       (STRICT PRODUCTS LIABILITY-FAILURE TO WARN);

- x    SIXTH CAUSE OF ACTION
       (BREACH OF EXPRESS WARRANTY);

- x    SEVENTH CAUSE OF ACTION
       (BREACH OF WARRANTY AS TO MERCHANTIBILITY);

- x    EIGHTH CAUSE OF ACTION
       (BREACH OF IMPLIED WARRANTIES);

- x    NINTH CAUSE OF ACTION
       (FRAUDULENT MISREPRESENTATION);

- ___  TENTH CAUSE OF ACTION
       (FRAUDULENT CONCEALMENT);

- x    ELEVENTH CAUSE OF ACTION
       (NEGLIGENT MISREPRESENTATION);

__x__    TWELFTH CAUSE OF ACTION
(FRAUD AND DECEIT);

__x__    THIRTEENTH CAUSE OF ACTION
(UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER STATE LAW);

____    FOURTEENTH CAUSE OF ACTION
(MISREPRESENTATION BY OMISSION);

__x__    FIFTEENTH CAUSE OF ACTION
(CONSTRUCTIVE FRAUD);

____    SIXTEENTH CAUSE OF ACTION
(NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS);

____    SEVENTEENTH CAUSE OF ACTION
(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS);

__x__    EIGHTEENTH CAUSE OF ACTION
(GROSS NEGLIGENCE/MALICE);

__x__    NINETEENTH CAUSE OF ACTION
(LOSS OF CONSORTIUM);

__x__    TWENTIETH CAUSE OF ACTION
(PUNITIVE DAMAGES);

__x__    TWENTY-FIRST CAUSE OF ACTION
(MEDICAL MONITORING);

__x__    TWENTY-SECOND CAUSE OF ACTION
(VIOLATION OF APPLICABLE STATE CONSUMER FRAUD
STATUTE) – **Ohio Rev. Code § 1345.01 Et. Seq.**

____    TWENTY-THIRD CAUSE OF ACTION
(RESTITUTION OF ALL PURCHASE COSTS AND DISGORGEMENT OF
ALL PROFITS FROM MONIES THAT PLAINTIFF INCURRED IN
PURCHASE OF THE HIP IMPLANT)

PLAINTIFFS ASSERT THE FOLLOWING ADDITIONAL STATE CAUSES OF

ACTION:

Breach of implied warranty of fitness for a particular purpose

_____

_____

_____

_____

_____

_____

_____

_____

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1.      For compensatory damages requested and according to proof;

2.      For punitive or exemplary damages against Defendants;

3.      For all applicable statutory damages of the state whose laws will govern this action;

4.      For medical monitoring, whether denominated as damages or in the form of equitable relief;

5.      For an award of attorneys' fees and costs;

6.      For prejudgment interest and the costs of suit; and

7.      For such other and further relief as this Court may deem just and proper;

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury as to all claims in this action.

Respectfully submitted,

JOHN DAVID HART
Texas State Bar #09147700

LAW OFFICES OF JOHN DAVID HART
Wells Fargo Tower
201 Main Street, Suite 1720
Fort Worth, TX 76102
817/870-2102 - Telephone
817/332-5858 – Facsimile
johnhart@hartlaw.com

**ATTORNEY FOR PLAINTIFFS**

Date: 5/10/11